## MOORE et v DUNN et

Ohio Appeals, 6th Dist Ottawa Co
No 121. Decided April 7, 1930

S. S. Middleton, William Dunipace, Bowling Green, and M. E. Tripp, for Moore et.
L. K. Chambers, Genoa, for Dunn, et.

**RICHARDS, J.**

As the amount given to the husband, Andrew Jackson, lapsed by his death, and Clara Jackson died intestate as to the share in the will intended for him, the provisions of **10582 GC** apply and after exhausting the personalty, the undevised real estate is first chargeable with the debts in exoneration, as far as it will go, of the real estate that is devised. No other or different arrangement or intent is apparent in the will. The most that can be said in that regard is that the testatrix intended that if her husband survived her he should be entitled to the provisions in his favor contained in the will. It is apparent, therefore, that the devise to Andrew Jackson having lapsed by his death, all of the undivided half of the real estate as to which she died intestate is first liable, and must first be exhausted in the payment of debts before that can be subjected which was devised to the sister, Eva Dunn.

For these reasons the judgment must be affirmed.

Williams and Lloyd, JJ., concur.