BROOKS, Admr. w. w. a. of the Estate of John M. Corpening, deceased, Plaintiff-Appellee, v. PRINCE et, BUTLER, Admr., Defendants-Appellees, CORPENING, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4782.   Decided September 15, 1952.

William H. Brooks, Admr., Columbus, for plaintiff-appellee.

Key, Butler & Harrison, Eugene W. Butler, Admr., Columbus, for defendants-appellees.

Isaac & Postlewaite, Columbus, for defendant-appellant.

## OPINION
By THE COURT.

This is an appeal on questions of law from an order of the Probate Court determining the value of the life estate of Mary M. Garns Corpening.

The facts essential to an appreciation of the question presented by the appeal are that under the will of John Mariable Corpening by Item I, he devised and bequeathed all of his real and personal property to Virginia E. Prince Corpening, his wife, for her natural life. By Item II, the testator at the death of his wife, devised and bequeathed to his sister-in-law, Mary M. Garns Corpening, all of his real and personal property for the remainder of her natural life.

The testator died in March, 1951. His widow, Virginia E. Prince Corpening, died May 20, 1951. The widow's allowance of $1500.00 was set off to the surviving spouse. The personal estate of decedent was $608.11, an amount insufficient to pay testator's debts, a year's allowance to his widow and expenses of administration. The proceeds of a sale made pursuant to a petition to sell real estate to pay debts was the sum of $4500.00. After the payment of debts, expenses of administrator and widow's allowance there was a balance from the sale of $1882.79.

The Probate Court in fixing the value of the life estate of appellant first applied the proceeds of the personal estate to the indebtedness of the estate, deducted the remaining indebtedness from the proceeds of the sale of the real estate and from the sum thus remaining then comput-

ed the value of the life estate. It is the contention of appellant that the Court erred in so holding and that the value of the life estate should be determined upon the full sale price of the real estate.

Appellant relies upon §10504-74 GC:

"When part of the real estate of a testator descends to his heirs because of its not being disposed of by his will, and his personal estate is insufficient to pay his debts, the undevised real estate first shall be chargeable with the debts, in exoneration, as far as it will go, of the real estate that is devised, unless it appears from the will that a different arrangement of assets, for the payment of his debts, was made by the testator; in which case they shall be applied for that purpose in conformity with its provisions."

Appellant also cites Gilson v. Gilson, 11 O. C. C. (N. S.) 49, and Moore v. Dunn, 8 Abs 316.

Although we are not free from all doubt as to the correctness of the order of the Probate Court we are disposed to affirm upon the reasoning of the opinion in that Court.

Judgment affirmed.

HORNBECK, PJ, WISEMAN & MILLER, JJ, concur.